# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIE F. BLOUNT, JR. ,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　Case No:　　6:16-cv-1971-Orl-41KRS

**DOE NUGEN,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)
>
> **FILED:** November 10, 2016

**I.　PROCEDURAL HISTORY.**

On November 14, 2016, Plaintiff, Willie F. Blount, Jr., acting *pro se*, filed a complaint against Defendant Dr. Doe Nugen. Doc. No. 1. Blount alleges that Dr. Nugen performed surgery on his left knee. After Blount missed two appointments, Dr. Nugen's office informed him that Dr. Nugen could no longer treat him. Doc. No. 1 at 5. Blount asked Dr. Nugen's staff if Dr. Nugen could refill his prescription for Percocet, and was informed that his prescription would not be refilled. *Id.* Blount contends that because he is in pain, Dr. Nugen should not have refused to refill his prescription and that he should have been gradually eased off the medication. *Id.* at 5-6. He seeks $1 million in damages. *Id.* at 7.

## II.     STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants — prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject-matter jurisdiction in a case.  *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).  "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary."  *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject-matter jurisdiction, even when a party has not challenged it.  *See, e.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## III.    ANALYSIS.

Blount's motion for leave to proceed in forma pauperis must be denied and his complaint must be dismissed because he fails to allege any basis for this Court's exercise of subject matter jurisdiction over his case.   He alleges no basis for federal question jurisdiction, such as violation of a federal statute or the involvement of a federal actor in the events giving rise to his action.   He also fails to invoke this court's diversity jurisdiction.   Although he seeks damages in the amount of $1 million, he has not alleged complete diversity of citizenship between himself and Dr. Nugen.

Therefore, I recommend that Blount's complaint be dismissed for lack of subject-matter jurisdiction and direct the Clerk of Court to terminate the motion to proceed *in forma pauperis* (Doc. No. 2).

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). In an amended complaint, Blount must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute or common law. Blount should not include argument in the amended complaint. Citations of case law and statutes are not appropriate in the complaint, but rather may be included at the time of trial or in a motion for summary judgment.

In the amended complaint, Blount must name as Defendants only those persons who are responsible for the alleged violations. Blount must allege in the body of the complaint, under a section entitled "Statement of Facts," how each named Defendant participated in the activity that allegedly violated Blount's rights. Blount must allege some causal connection between each Defendant named and the injury Blount allegedly sustained. One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation. Finally, Blount must allege specifically how he has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)).

Blount may file a renewed motion to proceed *in forma pauperis* with an amended complaint.

## IV. RECOMMENDATION

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the complaint for lack of subject-matter jurisdiction and **DIRECT** the Clerk of Court to

terminate the motion to proceed *in forma pauperis* (Doc. No. 2).  I further **RECOMMEND** that the Court give Blount leave to file an amended complaint within a time established by the Court along with a renewed motion to proceed *in forma pauperis*.  Finally, I **RECOMMEND** that the Court advise Blount that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on November 15, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy